UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WESTMORELAND COAL COMPANY,
INCORPORATED,
Petitioner,

v.

GERNADE RUSSELL; DIRECTOR,
OFFICEOF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENTOF LABOR,
Respondents.

No. 99-1411

On Petition for Review of an Order
of the Benefits Review Board.
(98-0236-BLA)

Submitted: June 9, 2000

Decided: June 28, 2000

Before LUTTIG, MOTZ, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas A. Smoot, Kathy L. Synder, JACKSON & KELLY,
P.L.L.C., Morgantown, West Virginia, for Petitioner. William C. Gar-
rett, Gassaway, West Virginia; Henry L. Solano, Solicitor of Labor,
Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for
Appellate Litigation, Barry H. Joyner, Office of the Solicitor,

UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,
for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Westmoreland Coal Company ("employer") petitions for review of
a decision of the Benefits Review Board ("Board") affirming an
administrative law judge's ("ALJ") decision to award black lung ben-
efits to Gernade Russell. In September of last year, we placed this
case in abeyance pending our decision in Island Creek Coal Co. v.
Compton, 211 F.3d 203 (4th Cir. 2000). We recently issued a decision
in that case, making this case ripe for review.

Following a lengthy procedural history, the ALJ ultimately found
that while the x-ray evidence of record was insufficient to establish
pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(1) (1999), Rus-
sell nonetheless established the critical element of pneumoconiosis,
see Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1195 (4th Cir. 1995)
(stating critical elements of a black lung claim), based solely on the
medical opinion evidence of record pursuant to § 718.202(a)(4). In
Compton, we held that "all relevant evidence is to be considered
together rather than merely within discrete subsections of
§ 718.202(a)." Id. at 208. Because the ALJ weighed only like-kind
evidence against each other in this case, rather than weighing all evi-
dence relevant to the existence of pneumoconiosis together, we vacate
the Board's decision and remand for further remand to the ALJ so that
he may reweigh the evidence under § 718.202(a), consistently with
Compton.

Employer further contends that the ALJ committed numerous
errors in weighing the medical opinion evidence in this case. The ALJ

2

found pneumoconiosis solely on the basis of Dr. Rasmussen's opinion, rejecting numerous reports submitted by the employer opining that the miner suffered from neither the clinical nor the "legal" form of pneumoconiosis. See 20 C.F.R. § 718.201 (1999). We disagree with employer's view that Dr. Rasmussen's finding of pneumoconiosis should have been discredited on the ground that it was based entirely on discredited x-ray evidence. The record discloses that while Dr. Rasmussen relied on another physician's positive x-ray interpretation in his initial report to find the existence of pneumoconiosis, he subsequently clarified in his deposition testimony that he also believed the miner's lung disease to be related to his coal dust exposure, at least in part, and that x-ray evidence would not change his opinion on this point. Dr. Rasmussen also explained how laboratory tests and his physical findings supported his opinion. Hence, it is clear that Dr. Rasmussen's finding of legal pneumoconiosis was not, as employer contends, predicated on discredited x-ray evidence.

We also reject employer's suggestion that the opinions of its physicians must be accorded greater weight because they possess superior credentials to Dr. Rasmussen. The ALJ carefully considered the credentials of the physicians of record, and rationally found that Dr. Rasmussen qualified as an expert in the field of pulmonary diseases despite lacking board certification in that area, as he was board certified in internal medicine, was board eligible in pulmonary diseases, and had devoted his practice to treating patients with pulmonary disease. While we have held that ALJs err by failing to factor the qualification of physicians into their analysis of the reliability of their opinions, see Milburn Colliery Co. v. Hicks, 138 F.3d 524, 536 (4th Cir. 1998), this is not a case where such error occurred.

We agree with employer, however, and the Director, Office of Workers' Compensation Programs ("Director"), that the ALJ committed some errors in weighing the medical opinion evidence. On remand, the ALJ should be mindful that Dr. Crisalli last examined the miner, rather than Dr. Rasmussen, as he found. Further, if he is to rely on Dr. Rasmussen's citation to medical literature as a ground for crediting his opinion, he should, consistent with his obligation to consider all relevant evidence, also consider employer's evidence tending to undercut the positions taken in the literature on which Dr. Rasmussen relied. See id. at 532-33. Similarly, when reconsidering the medical

3

reports, the ALJ should specifically discuss his reasons for crediting or rejecting the reports of Drs. Kress, Fino, and Renn, whose reports the ALJ mentioned but did not weigh below.

If the ALJ again finds pneumoconiosis, it is not necessary, as employer asserts, for him to revisit the issue of whether the miner's total disability was "due to" pneumoconiosis. The errors discussed do not taint the ALJ's causation finding. Rather, the ALJ's causation finding is only tainted if the ALJ ultimately finds no pneumoconiosis, in which case benefits will be denied in any event.

Accordingly, the decision and order of the Board is vacated and the claim is remanded to the Board for further remand to the ALJ for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>

4